IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GREGORY A. RICHARDSON,**

    Petitioner,

v.                                                             Civil Action No. **3:07CV514**

**VIRGINIA DEPARTMENT OF CORRECTIONS,**

    Respondent.

**MEMORANDUM OPINION**

Gregory Richardson, a Virginia civil detainee proceeding pro se and in forma pauperis, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his parole revocation proceedings. Respondent has filed a motion to dismiss, contending that Richardson's claims are barred by the applicable statute of limitations. This matter is ripe for judgment.

**I. PROCEDURAL HISTORY**

On July 19, 1994, the Circuit Court for the City of Richmond ("the Circuit Court") revoked the suspension of a portion of Richardson's previously imposed sentence for robbery. The Circuit Court sentenced Richardson to serve four years of his previously imposed sentence. On August 23, 1994, the Circuit Court sentenced Richardson to serve an additional ten years, to run consecutively,

upon a conviction for rape.¹ The Circuit Court dismissed an abduction charge the same day.

On April 27, 2005, Richardson was released on mandatory parole. On May 23, 2005, police arrested Richardson for a parole violation. On August 4, 2005, the Virginia Parole Board ("VPB") revoked Richardson's parole. The VPB required Richardson to serve the unexpired portion of his sentences, including any previously earned credit for good behavior.²

On July 15, 2005, Richardson filed a habeas petition in the Circuit Court challenging his parole revocation. The Circuit Court dismissed the petition on April 14, 2006. Richardson v. Mitchell, Law No. ML8580 (Va. Cir. Ct. April 14, 2006) ("Cir. Ct. Hab. Op."). While his petition was pending in the Circuit Court, Richardson filed a second state habeas challenge to his parole revocation in the Supreme Court of Virginia. This second petition was dismissed on January 18, 2006. Richardson v. Dir. of the Dep't of Corr., et al., No. 052438 (Va. Jan. 18, 2006). On August 27, 2007, Richardson filed a third state habeas petition. On April 4, 2008, the Supreme Court of Virginia dismissed this petition. Richardson

---

¹ Richardson was convicted under Va. Code § 18.2-61(A)(iii), which defines sexual intercourse with any child under 13 years of age as rape.

² Richardson is currently civilly committed as a sexually violent predator.

2

v. Dir. of the Dep't of Corr., et al., No. 071776 (Va. April 4, 2008).

Richardson filed this 28 U.S.C. § 2254 petition on August 22, 2007. Richardson originally sought to challenge his current civil commitment on the grounds that, inter alia, his rights were violated in connection with his parole revocation and the calculation of his release date. Richardson subsequently filed two other civil actions challenging his current incarceration.[3] Richardson's decision to inundate the Court with numerous illegible and incomprehensible filings, along with his demonstrated history of abusive litigation, led the Court to impose a filing injunction. The injunction, inter alia, prohibited Richardson from pursuing more than one action in this Court. (Jan. 8, 2009 Order ¶ 1.)

The Court then, by Order entered on March 17, 2009, required Richardson to identify the proceedings he wished to challenge. On April 3, 2009, Richardson identified this action as a challenge only to his parole revocation proceedings. Richardson filed his amended petition on July 1, 2009. Richardson raises the following claims:

> Claim One      "Petitioner detention is unlawful under doctrine of collateral consequences; successive

---

[3] Richardson v. Commonwealth of Va., et al., No. 3:08cv743 (E.D. Va. filed November 13, 2008); Richardson v. Commonwealth of Va., et al., No. 3:08cv479 (E.D. Va. filed July 30, 2008).

|  |  |
|---|---|
|  | sentences; is double [jeopardy], false imprisonment, and involuntary servitude." (Am. Pet. 6.)[4] |
| Claim Two | "Parole Board failed to credit the time petitioner was out on parole..." (Am. Pet. 7.) |
| Claim Three | "PB's arrest warrant was false imprisonment, and denial of freedom without due process." (Am. Pet. 9.) |
| Claim Four | "Parole Board denied freedom with out due process of fair and impartial preliminary parole hearing under state and federal due process rights, not parole revocation hearing." (Am. Pet. 11.) |
| Claim Five | "Va. Code [§] 53.1-159 [governing mandatory parole release] is ambiguous, overly broad, and vague." (Am. Pet. 17.) |
| Claim Six | "§ 53.1-159 unconstitutionally nullifies Richardson accumulated good time towards an earlier release." (Am. Pet. 18.) |

On August 20, 2009, Respondent filed a motion to dismiss. Respondent argues, inter alia, that Richardson's claims are time-barred.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Richardson's 28 U.S.C. § 2254 petition is subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides that:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[4] The Court has corrected Richardson's capitalization.

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. TIMELINESS OF RICHARDSON'S PETITION FOR A WRIT OF HABEAS CORPUS

Richardson's challenge to his parole revocation is governed by 28 U.S.C. § 2244(d)(1)(D). <u>Wade v. Robinson</u>, 327 F.3d 328, 333 (4th Cir. 2003). The Court must therefore determine when Richardson could have discovered the factual predicates of each claim through the exercise of due diligence. Here, the relevant factual predicates to Richardson's claims are as follows: (1) Richardson's allegedly unlawful arrest; (2) the revocation of Richardson's parole following the allegedly unconstitutional proceedings; (3) the VPB's revocation of good time credits earned

5

before Richardson's parole; and, (4) the failure of the VPB to award credit for the time Richardson was on parole.

Richardson's state court filings show that he raised the first three factual predicates during review of his first state habeas petition. See Cir. Ct. Hab. Op. 1-2. Richardson raised the fourth in his second state habeas petition. See Petition at 4, <u>Richardson v. Dir. of the Dep't of Corr., et al.</u>, No. 052438 (Va. Nov. 23, 2005). Thus, all of the facts underlying Richardson's claims were actually known to him when he filed his second state habeas petition. For simplicity's sake, the Court will calculate the limitations period using the latest possible starting date of November 23, 2005.

The proper filing of a state application for collateral relief tolls the limitations period during its pendency. In this case, the statute of limitations was tolled until the Circuit Court rejected Richardson's claims on their merits on April 14, 2006. Richardson's one-year limitations period began to run on that date. Richardson filed this federal habeas petition on August 22, 2007,

more than one year later.[5] Richardson's petition is therefore untimely unless he is entitled to a period of equitable tolling.

Equitable tolling is only available if the litigant demonstrates the existence of: "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Additionally, a petitioner seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Sosa, 364 F.3d at 513.

Richardson offers various excuses for his failure to timely file his federal habeas petition, including limited access to any law library, environmental distractions, frequent transfers, and hostile staff. Limited access to a prison library does not constitute an extraordinary circumstance warranting equitable tolling. See, e.g., Akins v. United States, 204 F.3d 1086, 1090

---

[5] Richardson filed his third state habeas petition on August 27, 2007, after the limitations period expired. The third state habeas petition therefore has no effect on the timeliness of the instant petition. Richardson also claims to have filed a petition for a writ of habeas corpus in the Court of Appeals of Virginia in July 2006, but never received any reply. Such a petition would not have been properly filed because the Court of Appeals of Virginia lacks jurisdiction over habeas petitions. See Va. Code § 8.01-654(A)(1) (granting authority to issue writ of habeas corpus to Supreme Court of Virginia and circuit courts).

(11th Cir. 2000). Moreover, Richardson fails to explain why the same conditions did not prevent him from pursuing at least four other actions in state and federal court during the relevant period of time. See, e.g., Richardson v. Braxton, No. 7:06cv226 (W.D. Va. filed April 19, 2006) (raising claims related to the denial of good-time credit and credit for time on parole); Richardson v. Commonwealth of Virginia, No. CL07003594-00 (Va. Cir. Ct. filed July 19, 2007).[6] Additionally, Richardson's state filings articulate the federal bases for his claims with approximately the same level of specificity as the instant amended petition. Not only was Richardson obviously able to raise his federal claims, he has not used the intervening period to articulate those claims with any additional clarity. Thus, it appears that Richardson's failure to diligently pursue relief, rather than the alleged conditions of his confinement, actually caused his petition to be untimely.

Richardson has failed to demonstrate that he is entitled to a period of equitable tolling. Accordingly, Respondent's motion to dismiss (Docket No. 70) will be GRANTED. Richardson's claims will be DISMISSED WITH PREJUDICE as untimely. The petition will be DENIED. Richardson's pending motions will be DENIED AS MOOT. This action will be DISMISSED. The Clerk will be DIRECTED to begin processing Richardson's next action.

---

[6] For a more complete recitation of litigation filed by Richardson or pending during limitations period, see the Court's Memorandum Order entered December 9, 2008.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

Let the Clerk send a copy of this Memorandum Order to Richardson and Counsel of Record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: March 5, 2010
Richmond, Virginia