IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GREGORY A. RICHARDSON,

    Petitioner,

v.                                   Civil Action No. 3:07CV514

VIRGINIA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

**MEMORANDUM OPINION**

Gregory A. Richardson, proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 9, 2010, the Court granted Respondents' motion to dismiss and dismissed the action as time-barred. On March 20, 2010, Richardson filed a Motion to Alter or Amend Judgment and Relief From a Judgment or Order.[1] The Court evaluates Richardson's motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978) ("if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (citing Carson v. Am. Sav. Life Ins. Co., 15 Fed. Rules Serv. 2d 1326 (4th Cir. 1972))).[2] Relief under Rule 59(e) is

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing.

[2] Although Rule 59(e) now mandates filing within fourteen days of service, the Federal Rules of Civil Procedure no longer exclude

appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Richardson offers various legal arguments as to why his petition was not time barred, why his claims are meritorious, and why previous motions should have been granted. Richardson's arguments, many of which merely re-urge grounds previously considered, are without merit. Accordingly, Richardson's Motion for Alteration or Amend Judgment and Relief from Judgment or Order (Docket No. 99) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v.

---

weekends from periods of fewer than ten days. Fed. R. Civ. P. 6(a)(1). Thus, the period for filing a Rule 59(e) motion is unchanged.

McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated more fully in the March 9, 2010 Memorandum Opinion, no law or evidence suggests that Richardson is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Richardson and counsel of record for Respondents.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 12, 2010
Richmond, Virginia