```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Richmond Division
```

GREGORY RICHARDSON,

    Petitioner,

v.                                            Civil Action No. 3:07CV514

VIRGINIA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## MEMORANDUM OPINION

Gregory Richardson, a former Virginia inmate and a current detainee, filed a petition under 28 U.S.C. § 2254 challenging his parole revocation proceedings. (See ECF No. 97, at 3-4.) After repeated contumacious behavior in this Court, after a warning to Richardson and an opportunity for him to respond, and because of Richardson's extensive history of frivolous and abusive litigation, on January 9, 2008, the Court issued a prefiling injunction on Richardson's litigation in this case and in others in the Eastern District of Virginia. (ECF No. 49.)

By Memorandum Opinion and Order entered on March 9, 2010, the Court dismissed Richardson's § 2254 petition as untimely filed. (ECF No. 97.) By Memorandum Opinion and Order entered on May 12, 2010, the Court denied a Rule 59(e) Motion filed by Richardson. (ECF Nos. 101, 102.) Although Richardson pursued several frivolous

motions after the action was dismissed, this closed action has remained dormant since 2011 (as it should have).

However, on November 24, 2020, Richardson filed a document entitled, "UPON MOTION TO VACATE UNDER RULE 60" ("Rule 60(b) Motion," ECF No. 129.) Richardson claims that, under "RULE 60(4), (6),"[1] the judgment is void, the Court lacked jurisdiction, and its dismissal fails to comport with due process.[2]

Richardson argues that he filed a "§ 2241 petition in the Charlottesville district to avoid the anticipated prefiling injunction" imposed by this Court. (Id. at 1.) Richardson contends that the United States District Court for the Western District of Virginia "somehow acquired knowledge that Richardson is subject to a prefiling injunction," and presumably dismissed the action. (Id. at 2.) Richardson appears to take issue with the fact that his action was transferred within the division to

---

[1] Fed. R. Civ. P. 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
>   (4) the judgment is void;
> . . .
>   (6) any other reason that justifies relief.

[2] This Rule 60(b) Motion appears to be a continuation of a similar motion that he filed in Gregory v. Unknown, No. 3:19CV936 (E.D. Va.), that the Court denied on July 7, 2020. See id. ECF Nos. 5-6.)

2

Roanoke. Thus, Richardson does not challenge this Court's dismissal of the underlying § 2254 petition, or the "final judgment, order, or proceeding." See Fed. R. Civ. P. 60(b).

First, to the extent that Richardson challenges some action of the United States District Court for the Western District of Virginia, that is clearly a different case and not subject to challenge here.

Second, Richardson claims that the imposition of the prefiling injunction "affronts due process, [the] confrontation clause, and would violate double jeopardy." (ECF No. 129, at 4.) That contention fails because there is no explanation why it is appropriate to address in a Rule 60(b) Motion an argument about the purported unconstitutional nature of a prefiling injunction issued in 2009.

In sum, the Court fails to discern, and Richardson fails to explain how any of what he alleges would entitle him to Rule 60(b) relief from the March 10, 2010 Memorandum Order dismissing the action. Accordingly, the Rule 60(b) Motion will be denied.[3]

---

[3] Richardson's Rule 60(b) Motion is also untimely. A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Richardson seeks relief under Rule 60(b)(4) and (6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the March 10, 2010 Memorandum Opinion and

3

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Richardson.

It is so ORDERED.

/s/ REP  
Robert E. Payne  
Senior United States District Judge

Richmond, Virginia  
Date: March 30, 2021

---

Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Richardson's Rule 60(b) Motion, filed more than ten years after the entry of the challenged judgment, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))).